UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOSEPH DECCOLA**, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN SUGAR REFINING, INC.**<br><br>Defendant. | Case No. |

## CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Joseph Deccola ("Plaintiff"), by and through the undersigned attorneys, brings this Complaint against Defendant American Sugar Refining, Inc. ("ASR"), individually and on behalf of all similarly situated individuals, and states as follows:

### INTRODUCTION

1. This is a class and collective action brought by Plaintiff on his own behalf and on behalf of all similarly situated current and former employees of Defendant to recover for Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards ("Ohio Wage Act"), O.R.C. § 4111; the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and O.R.C. § 4141.18 (the Ohio Wage Act, the OPPA, and O.R.C. § 4141.18 will be collectively referred to as the "Ohio Acts").

2. Instead of paying Plaintiff and other similarly situated employees for all hours worked, Defendant implemented a policy and practice of routinely failing to pay its employees for hours they worked before and after their scheduled shifts.  First, Plaintiff and other similarly situated employees were not paid for time spent donning and doffing personal protective

1

equipment and uniforms that they were required by Defendant to change in and out of at Defendant's facility. They also were not paid for the time it took, after donning, to walk from the locker room to the time clock or for the time the spent waiting in line to clock in. Second, because of Defendant's illegal practice of paying based on scheduled shift times, not actual hours worked, Plaintiff and other similarly situated employees were not paid for time spent working past the end of their shifts unless they had this time approved by their supervisor. This was the case even when the Company's time records showed that they worked during this time. Finally, Plaintiff and other similarly situated employees were not paid for time spent working past the end of their shifts because of Defendant's policy and practice of illegal rounding that always benefitted Defendant, and never its employees. Plaintiff brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA and the Ohio Acts.

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

2. This Court has original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

3. This court has supplemental jurisdiction over the Ohio Acts claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because Defendant does business within the State of Ohio.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. Plaintiff resides in this District.

7.      Plaintiff worked for Defendant in this District during the relevant time period.

## PARTIES

8.      During the relevant time period, Plaintiff was an hourly, non-exempt production employee at Defendant's facility in Cleveland, Ohio.  His written consent to join this action is attached as <u>Exhibit A</u>.

9.      Plaintiff brings this action on behalf of himself and other similarly situated employees who donned and doffed personal protective equipment and/or uniforms at Defendant's facilities  or who worked past the end of their scheduled shift and were not paid for their time.

10.      The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All current and former non-exempt production employees of Defendant American Sugar Refining, Inc. employed at Defendant's sugar refining, production, manufacturing, packaging, and/or distribution facilities between January 26, 2015 and the present who were required to don and doff personal protective equipment or uniforms without pay and/or who worked past the end of their scheduled shift without pay ("FLSA Class").**

11.      Plaintiff seeks conditional and final certification of this FLSA Class in this collective action under 29 U.S.C. § 216(b).

12.      Plaintiff also seeks certification of a class under Federal Rule of Civil Procedure 23 to remedy Defendant's violations of the Ohio Acts.

13.      The class of similarly situated employees sought to be certified as a class under the Ohio Acts is defined as:

> **All current and former non-exempt production employees of Defendant American Sugar Refining, Inc. employed at Defendant's sugar refining, production, manufacturing, packaging, and/or distribution facilities in Ohio between January 26, 2015 and the present who were required to don and doff personal protective equipment and/or uniforms without pay and/or who worked past the end of their scheduled shift without pay (the "Ohio Class").**

14.      Defendant is a Delaware corporation that is the largest refiner and marketer of cane

sugar in the world, and operates sugar refining, production, manufacturing, packaging, and/or distribution facilities at various locations throughout the United States, including in Ohio.

15. Defendant may be served with process by serving its registered agent Corporate Creations Network, Inc. at 119 E. Court Street, Cincinnati, Ohio 45202.

## COVERAGE UNDER THE FLSA AND OHIO ACTS

16. At all relevant times, Defendant was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all relevant times, Defendant was and is an employer within the meaning of the Ohio Wage Act, O.R.C. § 14111.03(D)(2).

18. At all relevant times, Defendant was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all relevant times, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s)(1).

20. At all relevant times, Plaintiff and members of the FLSA Class were employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-207.

21. At all relevant times, Plaintiff and members of the Ohio Class were employees within the meaning of the Ohio Wage Act, O.R.C. § 14111(D)(3).

## FACTS

22. Plaintiff was employed by Defendant as an hourly, non-exempt employee at Defendant's facility at 2075 E 65th St, Cleveland, OH 44103 between approximately September 2013 and November 2016.

23. Plaintiff began his employment as a Print Press Operator and became a Maintenance Technician approximately six months before his employment ended.

24. Plaintiff regularly worked over 40 hours in a workweek while he was employed by Defendant.

25. Other similarly situated employees were employed by Defendant as non-exempt production employees at Defendant's sugar refining, production, manufacturing, packaging, and/or distribution facilities.

26. Plaintiff and other similarly situated employees were non-exempt employees under the Ohio Wage Act and/or the FLSA and were paid an hourly wage.

**A.    Failure to Pay for All Hours Worked**

27. Plaintiff and other similarly situated employees were only paid for work performed between their scheduled shift start and end times despite performing work both before and after their scheduled shifts.

*i.    Failure to Pay for Donning Time*

28. Before Plaintiff and other similarly situated employees began their shifts, they retrieved and donned pants, shirts, steel-toed shoes, beard nets, hair nets, earplugs, hardhats, helmets, and/or gloves.

29. Plaintiff and other similarly situated employees were required to don their personal protective equipment and uniforms at Defendant's facility.

30. Plaintiff and other similarly situated employees were prohibited from donning their personal protective equipment and uniforms at home or anywhere other than Defendant's facility and were subject to discipline for removing their personal protective equipment and uniforms from the facility.

31. Donning their personal protective equipment and uniforms typically took Plaintiff and similarly situated employees 15 to 25 minutes.

32. The time Plaintiff and other similarly situated employees spent donning their personal protective equipment and uniforms was an integral and indispensable part of their principal activities.

33. Wearing the personal protective equipment and uniforms was required by Defendant, the Occupational Safety and Health Administration ("OSHA"), and the U.S. Food and Drug Administration ("FDA").

34. Further, the personal protective equipment and uniforms necessarily had to be worn by Plaintiff and other similarly situated employees to maintain the cleanliness, safety, and quality of Defendant's product and production floor and to promote a more safe and efficient production process

35. After donning their personal protective equipment and uniforms, Plaintiff and other similarly situated employees were required to walk to the time clock, wait in line, and then clock in.

36. Plaintiff and other similarly situated employees typically waited in line at the time clock for 5 minutes or more before clocking in.

37. Plaintiff and other similarly situated employees were not paid for the time spent retrieving and donning their personal protective equipment and uniforms, walking to the time clock, or waiting in line to clock in.

    *ii.*    *Failure to Pay for Doffing Time*

38. Before leaving Defendant's facility, Plaintiff and other similarly situated employees were required to doff pants, shirts, steel-toed shoes, beard nets, hair nets, earplugs,

6

hardhats, helmets, and/or gloves.

39. Plaintiff and other similarly situated employees were prohibited from leaving Defendant's facility wearing their personal protective equipment and uniforms and were subject to discipline for doing so

40. Doffing their personal protective equipment and uniforms typically took Plaintiff and other similarly situated employees 15 to 25 minutes.

41. The time Plaintiff and other similarly situated employees spent doffing their personal protective equipment and uniforms was an integral and indispensable part of their principal activities.

42. Wearing the personal protective equipment and uniforms was required by Defendant, the Occupational Safety and Health Administration ("OSHA"), and the U.S. Food and Drug Administration ("FDA").

43. Further, the personal protective equipment and uniforms necessarily had to be worn by Plaintiff and other similarly situated employees to maintain the cleanliness, safety, and quality of Defendant's product and production floor and to promote a more safe and efficient production process.

44. Plaintiff and other similarly situated employees were required to clock out before doffing their personal protective equipment and uniforms. They were not paid for this time.

### iii. Failure to Pay Overtime Compensation

45. Plaintiff and other similarly situated employees typically were scheduled to work 40 hours each workweek.

46. Plaintiff and other similarly situated employees routinely worked past the end of their scheduled shift. Despite typically remaining clocked in at the time clock while they continued

working, Plaintiff and other similarly situated employees were not paid for time worked past the end of their scheduled shift unless the time was approved by a supervisor

47. Plaintiff and other similarly situated employees' supervisors knew when they stayed past the end of their scheduled shift because the supervisors saw them working and Defendant's records generated by its time clock reflected this time. Nonetheless, without explicit supervisor approval to work overtime, Plaintiff and other similarly situated employees were not paid for the time they worked after the end of their scheduled shift times, but rather, were paid based on their scheduled shifts.

48. Plaintiff and other similarly situated employees were also subject to Defendant's illegal rounding policy and practice. When Plaintiff and other similarly situated employees worked past the end of their scheduled shift time, even with supervisor approval, they would not be paid for the time they worked, unless this additional time was at least 30 minutes.

49. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, they were not paid all overtime compensation due and owing to them for all hours worked over 40 in a workweek.

50. Defendant was aware or should have been aware of the overtime requirements of the FLSA and Ohio Wage Act.

51. Defendant nonetheless suffered or permitted Plaintiff and other similarly situated employees to work off-the-clock each day, resulting in them not being paid for all hours worked and not being paid overtime for all hours worked over 40 in a workweek.

52. Defendant knew, or acted with reckless disregard for whether, Plaintiff and other similarly situated employees worked off-the-clock each day.

53. Defendant's failure to pay overtime to Plaintiff and other similarly situated

employees was, and is, a willful violation of the FLSA and the Ohio Wage Act.

## CLASS AND COLLECTIVE ALLEGATIONS

54. The illegal practices of not paying for all hours worked and not paying for all overtime imposed on Plaintiff were also imposed on members of the FLSA and Ohio Classes.

55. Numerous individuals were victimized by Defendant's pattern, practice, and policy of requiring employees to don and doff personal protective equipment and uniforms without pay and work past the end of their scheduled shift without pay.

56. Based on his experience working with Defendant, Plaintiff is aware that Defendant's illegal practices were imposed on members of the FLSA and Ohio Classes.

57. The members of the FLSA and Ohio Classes were not paid for all overtime at the rate of one and one-half times their regular rate of pay when they worked in excess of 40 hours in a workweek.

58. Defendant's failure to pay for all overtime results from generally applicable, systemic policies and practices, which are not dependent on the personal circumstances of members of the FLSA and Ohio Classes, but rather, were applied equally to *all* members of the FLSA and Ohio Classes.

59. Plaintiff's experiences are therefore typical of the members of the FLSA and Ohio Classes.

60. The specific job titles or precise locations of the various members of the FLSA and Ohio Classes do not prevent class or collective treatment.

61. Defendant's illegal practices applied equally to all hourly paid production employees at Defendant's facilities, regardless of job classification. For example, Plaintiff was subject to the same illegal practices during his time as both a Print Press Operator and a

Maintenance Technician.

62. Plaintiff has no interests contrary to or in conflict with the members of the FLSA or Ohio Classes nor does his counsel.

63. Like each member of the FLSA and Ohio Classes, Plaintiff has an interest in obtaining the unpaid overtime wages owed under state and/or federal law, along with all other applicable relief.

64. Upon information and belief, Defendant employed hundreds of members of both the FLSA Class and the Ohio Class during the relevant time period.

65. The precise number and identity of other class members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Defendant.

66. A class and collective action such as this one is superior to other available means for fair and efficient adjudication of the lawsuit.

67. Absent a class and collective action, many members of the FLSA and Ohio Classes will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA and Ohio Acts.

68. Even if some members of the FLSA and Ohio classes could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

69. If individual actions were required to be brought by each member of the FLSA and Ohio Classes, it would necessarily result in a multiplicity of lawsuits and would create hardship to class members, Defendant, and the court.

70. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the members of the FLSA and Ohio Classes and provide for judicial consistency.

71. The questions of law and fact common to each of the members of the FLSA and Ohio Classes predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Defendant required members of the FLSA and Ohio Classes to work more than 40 hours during individual workweeks;

   b. Whether the preliminary time the FLSA and Ohio Class members spent on donning personal protective equipment and uniforms is compensable;

   c. Whether the postliminary time the FLSA and Ohio Class members spent doffing their personal protective equipment and uniforms is compensable;

   d. Whether Defendant had a policy or practice of only paying members of the FLSA and Ohio Classes for the scheduled hours, not their actual hours worked, absent supervisor approval;

   e. Whether Defendant had a policy or practice of illegally rounding hours worked;

   f. Whether Defendant's violations of the FLSA and Ohio Acts were willful; and

   g. Whether Defendant's decision to not pay Plaintiff and members of the FLSA and Ohio Classes was not made in good faith.

72. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

73. Plaintiff will fairly and adequately represent and protect the interests of members of the FLSA and Ohio Classes.

74. Plaintiff has retained national counsel who are qualified and experienced in the litigation of nationwide class and collective actions.

**COUNT I**
**FLSA – FAILURE TO PAY OVERTIME WAGES**
**(PLAINTIFF AND FLSA CLASS**

75. Plaintiff re-alleges and incorporates all previous paragraphs herein.

11

76. With limited exception not applicable here, the FLSA requires an employer to pay its non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours in a workweek. 29 U.S.C. § 207.

77. By failing to pay Plaintiff and other similarly situated employees for all hours worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek, Defendant violated the FLSA.

78. Defendant did not act in good faith when it engaged in the above-mentioned conduct.

79. By engaging in the above-mentioned conduct Defendant willfully, knowingly, and/or recklessly violated the FLSA.

80. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

### COUNT II
### FLSA – FAILURE TO KEEP RECORDS
### (PLAINTIFF AND FLSA CLASS)

81. Plaintiff re-alleges and incorporates all previous paragraphs herein.

82. The FLSA requires an employer to keep records of all hours worked each workday and the total hours worked each workweek by its non-exempt employees. 29 U.S.C. §§ 201-219, 29 C.F.R. § 516.2(a)(7).

83. By suffering and permitting Plaintiff and other similarly situated employees to work off-the-clock without compensation and without their hours being accurately recorded, Defendant violated the FLSA.

84. Defendant did not act in good faith when it engaged in the above-mentioned conduct.

85. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the FLSA.

86. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**COUNT III**
**OHIO WAGE ACT – FAILURE TO PAY OVERTIME WAGES**
**(PLAINTIFF AND OHIO CLASS)**

87. Plaintiff re-alleges and incorporates all previous paragraphs herein.

88. The Ohio Wage Act requires that employers pay employees overtime compensation "at a wage rate of one and one-half times the employees' wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in…. the [FLSA]." O.R.C. § 4111.03(A).

89. By failing to pay Plaintiff and other similarly situated employees for all hours worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek, Defendant violated the Ohio Wage Act.

90. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the Ohio Wage Act.

**COUNT IV**
**OPPA – FAILURE TO PAY EARNED WAGES**
**(PLAINTIFF AND OHIO CLASS)**

91. Plaintiff re-alleges and incorporates all previous paragraphs herein.

92. The OPPA requires an employer "on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such

employees the wages earned by them during the last half of the preceding calendar month." O.R.C. § 4113.15(A).

93. By failing to pay Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek, Defendant violated the OPPA.

94. Because of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the OPPA.

## COUNT V
## OHIO WAGE ACT AND O.R.C. § 4141.18 – FAILURE TO KEEP RECORDS
## (PLAINTIFF AND OHIO CLASS)

95. Plaintiff re-alleges and incorporates all previous paragraphs herein.

96. The Ohio Wage Act requires an employer to keep records of the hours worked each day and each work week by Plaintiff and other similarly situated employees. O.R.C. § 4111.08.

97. O.R.C. § 4141.18 requires employers to keep a "true and accurate employment record" for all employees of "the hours worked by each employee…."

98. By suffering and permitting Plaintiff and other similarly situated employees to work off-the-clock without compensation and without their hours being accurately recorded, Defendant violated the Ohio Wage Act.

99. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the Ohio Wage Act and O.R.C. § 4141.08.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all similarly situated individuals, prays that this Honorable Court:

14

a. Certify this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all FLSA Class members that this litigation is pending and that they have the right to "opt in" to this litigation;

c. Certify the Ohio Class in accordance with Fed. R. Civ. P. 23(b)(3) or (c)(4) with respect to the claims set forth above;

d. Designate the Plaintiff as the Class Representative;

e. Appoint DiCello Levitt & Casey LLC Class Counsel with respect to Plaintiff's Ohio claims;

f. Declare that Defendant willfully violated the FLSA as set forth above;

g. Declare that Defendant willfully violated the Ohio Acts as set forth above;

h. Award Plaintiff and the class(es) he represents actual damages for unpaid wages;

i. Award Plaintiff and the class(es) he represents liquidated damages in an amount equal to the unpaid wages found due;

j. Award Plaintiff and the class(es) he represents all other available compensatory damages, including, *inter alia*, all unpaid wages, lost interest owed, and liquidated damages under the Ohio Acts;

k. Award reasonable attorneys' fees and costs incurred by Plaintiff in filing this action;

l. Award pre- and post-judgment interest to Plaintiff on these damages; and

m. Grant such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated January 26, 2017

/s/ *Mark M. Abramowitz*
Kenneth P. Abbarno (0059791)
Mark M. Abramowitz (0088145)
**DICELLO LEVITT & CASEY**
7556 Mentor Ave.
Mentor, Ohio 44060
Telephone: (440) 953-8888/
Fax: (440) 953-9138
kabbarno@dlcfirm.com
mabramowitz@dlcfirm.com

*Counsel for Plaintiff*