UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DECCOLA, individually and on behalf of all similarly situated individuals | CASE NO. 1:18-CV-00216 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| AMERICAN SUGAR REFINING, INC. | **ORDER** |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon Defendant American Sugar Refining, Inc.'s Motion to Dismiss Plaintiff Joseph Deccola's Complaint. (ECF # 6). For the following reasons, Defendant's Motion is GRANTED in part and DENIED in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Joseph Deccola ("Deccola") initiated this action against American Sugar Refining, Inc. ("ASR") on January 26, 2018. Deccola's Complaint alleged violations of the Fair Labor Standards Act ("FLSA") and violations of the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), and O.R.C. § 4141.18. Deccola's Complaint alleges that ASR failed to pay him and other similarly situated employees in violation of the FLSA. Specifically, Deccola alleges that ASR failed to pay employees for (1) time spent donning and doffing personal protective equipment that ASR requires employees to wear, (2) travel to and from the locker room and time clock; and (3) working overtime. Deccola contends

that ASR's failure to pay employees overtime is due to two policies: that ASR only compensates supervisor-authorized overtime and that ASR has a practice of "rounding" time spent working past the end of the shift; that is, ASR only compensates time worked thirty minutes past the end of shift.

On May 17, 2018, ASR filed the subject Motion to Dismiss Plaintiff's Complaint. ASR's Motion presented five grounds for dismissal: (1) Deccola cannot establish the "similarly situated" element of FLSA § 216(b) given a prior collective action to which Deccola did not choose to opt in (*Rosario et al. v. American Suger Refining, Inc.*, No. 16-cv-02639 (N.D. Ohio), hereinafter "*Rosario*"), (2) Deccola's FLSA collective action claim runs afoul of the legislative intent of the FLSA, (3) Deccola's related claims under Ohio law cannot survive dismissal of his FLSA claims because they are based on the same defects, (4) Deccola's Fed. R. Civ. P. 23 class action claim fails because he cannot meet the numerosity element as a mater of law, and (5) Count V of Deccola's Complaint should be dismissed because Ohio law does not recognize failure to keep records as a cause of action.

Deccola filed his Memorandum in Opposition to ASR's Motion to Dismiss Plaintiff's Complaint on June 29, 2018. Deccola opposes ASR's Motion because (1) the proposed collective class is similarly situated to Deccola and the *Rosario* litigation is not binding on the class, (2) the FLSA's "broad remedial purpose" justifies this reading of the law, (3) Deccola may pursue Ohio state law claims whether or not the FLSA claim survives, and (4) Deccola can satisfy the numerosity requirement of Fed. R. Civ. P. 23.[1] Additionally, Deccola notes that his

---

[1] Plaintiff, in his Memorandum in Opposition to Defendant's Motion to Dismiss agreed not to pursue Count V of Plaintiff's Complaint for Failure to Keep Records under Ohio law.

Ohio law claims cannot be dismissed.

ASR filed a Reply Memorandum in Further Support of its Motion to Dismiss Plaintiff's Complaint. To further bolster its Motion to Dismiss, ASR argues (1) Deccola's argument that the *Rosario* action is not binding is incorrect, (2) Deccola misstates ASR's argument regarding the FLSA's legislative intent, (3) Deccola fails to provide support for his argument that his Ohio claims can survive dismissal of his FLSA claims, and (4) Deccola fails to plead the element of numerosity under Fed. R. Civ. P. 23 as a matter of law.

## LAW AND ANALYSIS

**I. Standard of Review**

*A. Motion to Dismiss*

The Federal Rules of Civil Procedure permit the dismissal of actions that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order for a complaint to survive the motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, which states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* For the purposes of a motion to dismiss, the court must take all of the factual allegations as true. *Id.* However, the court is not bound to accept as true a legal conclusion that postures as a factual allegation. *Id.* A complaint will not be dismissed under Rule 12(b)(6) unless "there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint." *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 593 (S.D. Ohio 2002). When deciding on a motion to dismiss, a court must construe

the complaint in a light most favorable to the plaintiff and accept all of the complaint's well-pleaded factual allegations as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

   B.   *FLSA Collective Actions*

Section 216(b) of the FLSA provides for collective actions to be brought by complaining employees on behalf of other "similarly situated" employees. *Pritchard v. Dent Wizard Intern. Corp.*, at 594. The Sixth Circuit follows a two-step procedure to determine whether an FLSA case should proceed as a collective action. *Waggoner v. U.S. Bancorp*, 110 F.Supp.3d 759, 764 (N.D. Ohio 2015). In order for a plaintiff to raise a valid collective action claim under the FLSA, the plaintiff must (1) establish other class members as "similarly situated" and (2) facilitate proper notice to potential class members. *Id.* The first preliminary stage occurs at the beginning of discovery. *Id.*, quoting *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).

Collective action claims under the FLSA require each employee that wishes to join the collective action affirmatively "opt in" by submitting written consent, rather than "opt out" of the lawsuit, as required by Federal Rule of Civil Procedure 23 class actions. *Waggoner* at 764. The plaintiff attempting to establish a collective action claim under the FLSA bears the burden to show that other employees are similarly situated. *Id.* Plaintiff must establish a "factual nexus" between the named plaintiff and the potential class members. *Harrison v. McDonald's Corp.*, 411 f.Supp.2d 862, 868 (S.D. Ohio 2005). Generally, at this stage, courts observe a "fairly lenient" standard, which results in the conditional certification of a representative class. *Comer v. Wal-Mart Stores, Inc.*, at 547. The fairly lenient standard requires the plaintiff to establish a justifiable basis for the claim and that there is a similarly situated class of plaintiffs. *Id.* at 546. However, in cases where discovery is undertaken on the issue of conditional certification, many

courts have adopted a "modest plus" factual standard. *Kampfer v. Fifth Third Bank*, 2016 U.S. Dist. LEXIS 37056, *9 (N.D. Ohio 2016).

Once all of the opt-in forms are received and discovery has concluded, the second phase of the two-step procedure outlined above begins. *Comer* at 546. During this phase, courts more closely examine whether the members of the class are similarly situated. *Id.* at 547. If the court finds that the plaintiffs are similarly situated, then the action proceeds. *Id.* However, if the court determines that the plaintiffs are not similarly situated, then the court may decertify the class and dismiss the opt-in plaintiffs without prejudice. *Douglas v. GE Energy Reuter Stokes*, 2007 U.S. Dist. LEXIS 32499, *14 (N.D. Ohio 2007), quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).

### III. Plaintiff has stated a claim upon which relief can be granted.

The Court finds that Deccola has satisfied the requirements of Fed. R. Civ. P. 12(b)(6) and has stated a claim upon which relief can be granted as to Counts I, II, III and IV of the Complaint. Accordingly, the Court denies ASR's Motion to Dismiss Plaintiff's Complaint in part, and grants it as to Count V of Plaintiff's Complaint. Based on the Complaint, Deccola has raised plausible factual and legal allegations that warrant relief: namely, that ASR does not pay its employees for (1) donning and doffing time, (2) travel time between the locker room and the time clock, and (3) overtime of less than thirty minutes. Deccola alleges that this uncompensated time constitutes a violation of the FLSA and has sought relief under the FLSA's collective action provision, as well as under the Fed. R. Civ. P. 23 class action provision in reference to state law claims. ASR attempts to dismiss this action in part because of a settled matter that Deccola did not opt into and that because of this former litigation, Deccola is unable to establish the

"similarly situated" requirement of FLSA § 216(b).

*A.    Rosario and the Similarly Situated Requirement*

ASR's Motion to Dismiss alleges that Deccola's Complaint should be dismissed because the *Rosario* settlement precludes Deccola from establishing a valid cause of action. ASR fails to bolster this position with any case which held a second collective action invalid where a similar preceding litigation has concluded. In fact, case law in this jurisdiction is adverse to ASR's position. This Court follows the Northern District of Ohio, Western Division's decision in *Kampfer v. Fifth Third Bank*, even though it does not constitute binding precedent.[2]

In *Kampfer*, the plaintiff raised a collective action claim pursuant to Section 216(b) of the FLSA that was similar to a recently settled FLSA collective action claim in a nearby district. *Kampfer v. Fifth Third Bank*, No. 3:14-cv-2849, 2016 U.S. Dist. LEXIS 37056. Similar to Deccola here, the plaintiff in *Kampfer* was eligible to opt into the prior collective action, but did not join the action. *Id.* By the time the plaintiff filed the complaint in *Kampfer*, the previous collective action had settled and the time for opting into that action had passed. *Id.* The court found that, because the previous case had concluded, the "language of Section 216(b) does not expressly prohibit a second collective action." *Id.* at *9. *Kampfer* was not before the court on a motion to dismiss, as in the present matter. *Id.* Rather, the court was considering a motion to conditionally certify the class. *Id.* The court ultimately conditionally certified the collective action under the "modest plus" standard, considering the discovery accomplished by that time in addition to the previously settled litigation. *Id.*

---

[2] "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 702, fn. 7 (2011).

The Court finds that the *Rosario* collective action does not preclude Deccola from raising a valid second collective action. Deccola filed this matter in this Court on January 26, 2018. The *Rosario* case settled in 2017. By January 2018, the deadline for opting into the *Rosario* action had lapsed and the matter had concluded. Therefore, Deccola could not opt-in to the *Rosario* litigation. Section 216(b) does not preclude Deccola from filing a second collective action. *Kampfer* at *9. Deccola cannot be bound to a settlement to which he was not a party and by which he is not bound. In a Section 216(b) action, no one is bound by the judgment unless they "opt-in." *Pritchard v. Dent Wizard Intern Corp.*, 210 F.R.D. at 595. The only individuals who are bound by the *Rosario* settlement are those plaintiffs that opted-in. Therefore, because Deccola is not bound by *Rosario* and the FLSA does not preclude second collective actions where a prior collective action has settled, the Court denies ASR's Motion to Dismiss on this count and allows the collective action to proceed.

In *Pritchard*, the court recognized that upon a motion to dismiss, the court cannot conclude that the plaintiff can prove no set of facts that would entitle him, or those he would represent, to relief. *Id.* at 596. At present, a motion to conditionally certify the class has not come before the Court. Because conditional certification occurs at the onset of discovery, it would be inappropriate for the Court to rule on whether Deccola is "similarly situated" to the putative collective action members. At this point, there has been no discovery on the question of conditional certification other than the *Rosario* litigation. While the *Rosario* litigation does provide evidence as to the "similarly situated" element as established in *Kampfer*, there must be joint discovery on the issue of conditional certification. *Waggoner v. U.S. Bancorp*, at 766. Here, as in *Waggoner*, the "plaintiffs have yet to have the opportunity to develop the record on this

subject." *Id.* ASR requests that this Court refuse to conditionally certify the collective action on the basis of the *Rosario* litigation. The Court finds that request premature because the plaintiffs have not yet had the opportunity to develop the record. Accordingly, the Court denies ASR's Motion to Dismiss on this count.

  B.  *Legislative Intent of the FLSA*

ASR next argues that Deccola's Complaint runs contra to the legislative purpose of the FLSA. The Supreme Court of the United States has long recognized that the starting point for interpreting a statute is the language of the statute; absent a clearly expressed legislative intention to the contrary, that language must ordinarily be rendered conclusive. *Consumer Product Safety Comm'n et al. V. GTE Sylvania, Inc., et al.*, 447 U.S. 102 (1980). ASR correctly states that the legislative purpose of the FLSA is to avoid judicial waste and to "limit the nature of a class action suit based upon an alleged FLSA violation." *Dolan v. Project Constr. Corp.*, 725 F.2d 1263. Further, that the FLSA was created to prevent piecemeal litigation and promote judicial economy. *Hoffman-La Roche*, 493 U.S. 165, 170 (1989). The cases that ASR cites to bolster this proposition are distinguishable from the within matter because these second-filed collective actions were filed where a first-filed action was still pending. *Troche v. Bimbo Foods Bakeries Distribution, Inc.*, No. 11-cv-234, 2011 WL 356054 at *1 (W.D. N.C. 2011); *see also Copello v. Boehringer Ingelheim Pharm., Inc.*, 812 F.Supp.2d 886, 888-90 (N.D. Ill. 2011). Deccola's collective action was not filed until the first-filed action had settled.

ASR is right to state that dismissal of this collective action would not preclude Deccola from filing an individual action under the FLSA. ASR claims that this would not run afoul of the legislative purpose of the FLSA. However, the Sixth Circuit has recognized that provisions of

the FLSA are remedial and humanitarian in purpose and must not be interpreted or applied in a grudging manner. *Monroe v. FTS USA, LLC*, 860 F.3d 389, 402 (6th Cir. 2016); *see also Keller v. Miri Microsystemss, LLC*, 781 F.3d 799, 806 )(6th Cir. 2016). Dismissal of Deccola's collective action at this time does not comport with the remedial and humanitarian purpose of the FLSA. Furthermore, other jurisdictions have recognized that dismissing a second-filed collective action, but permitting the putative class to file individual actions for the same conduct would run afoul of the legislative intent of the FLSA. *Yates v. Wal-Mart Stores, Inc.*, F.Supp.2d 1217, 1218 (D. Colo. 1999) (permitting a second-filed collective action, stating that "as each plaintiff could...file his or her own suit, judicial efficiency demands that, if possible, these individual suits be consolidated"); *see also Biggs v. Quicken Loans, Inc.*, No. 10-cv-11928, 2011 WL 1161197 (E.D. Mich. 2011). Accordingly, the Court denies ASR's Motion to Dismiss on this count.

  C.  *Ohio Law Claims*

  ASR argues that Deccola's Ohio state law claims cannot survive dismissal of the FLSA claim. Because the Court is not dismissing Deccola's FLSA claim, the Court will not dismiss Deccola's Ohio state law claims. Accordingly, the Court denies ASR's Motion to Dismiss these claims.

  D.  *Rule 23 Numerosity*

  ASR alleges that the Court should dismiss Deccola's Rule 23 action based upon his failure to meet the numerosity requirement. ASR states that because Deccola is asserting nearly identical claims to *Rosario* and the *Rosario* litigation notified hundreds of potential opt-in plaintiffs, but only twenty-nine individuals chose to opt-in, Deccola cannot establish the numerosity requirement of Rule 23 as a matter of law. The Supreme Court of the United States

has recognized that "numerosity, commonality, typicality, and adequate representation requirements of Federal Rule of Civil Procedure governing class actions ensure that the named plaintiffs are appropriate representatives of a class whose claims they wish to litigate by effectively limiting the class claims to those fairly encompassed by named plaintiffs' claims." *Wal-Mart Stores, Inc. V. Dukes*, 564 U.S. 338 (2011). As with Deccola's collective action claim, the former *Rosario* litigation does not foreclose Deccola or any potential opt-in plaintiffs from *Rosario* from making the present class action claim. The numerosity element is undetermined at this time because this case has not yet matured to allow potential class action plaintiffs to join in suit. Therefore, the Court denies ASR's Motion to Dismiss on these grounds.

F.  *Dismissal of Count V*

The Court grants ASR's Motion to Dismiss Count V of Deccola's Complaint. Deccola does not oppose this dismissal. ASR claims that Ohio law does not recognize failure to keep records as a civil cause of action. *DeMell v. Cleveland Clinic Found.*, No. 88505, 2007 Ohio App. LEXIS 2699 (Ohio App. 8th Dist. 2007). Accordingly, the Court dismisses Count V of Deccola's Complaint.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part ASR's Motion to Dismiss Plaintiff's Complaint.

**IT IS SO ORDERED.**

/s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: February 26, 2019**